FILED
SUPERIOR COURT
OF GUAM

2013 MAY 30 PM 1: 16

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| FRANKIE PEREZ DUMANAL, | ) DOMESTIC CASE NO. DM0857-12 |
| Plaintiff, | ) |
| | ) |
| | ) FINDINGS OF FACT AND |
| | ) CONCLUSIONS OF LAW RE: |
| vs. | ) DEFENDANT'S MOTION FOR |
| | ) TEMPORARY SPOUSAL SUPPORT |
| | ) AND MAINTENANCE |
| YOKO ANDERSON DUMANAL, | ) |
| Defendant. | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on February 26, 2013, on Yoko Anderson Dumanal's ("Defendant") Motion for Temporary Spousal Support and Maintenance. Defendant was represented by Attorney Anthony R. Camacho. Frankie Perez Dumanal ("Plaintiff) was represented by Attorney Joaquin C. Arriola Jr. Upon review of the evidence, oral and written arguments, and legal authorities presented by the parties, the Court hereby issues its Findings of Fact and Conclusions of Law relative to temporary spousal support and maintenance.

## FINDINGS OF FACT

By preponderance of the evidence, the Court makes the following findings of fact:

1. Plaintiff and Defendant were married on September 25, 1982 on Anderson Air Force Base Guam.

2. There are no minor children of the marriage, and no unborn child of the marriage, although there are three (3) adult children of the marriage.

3. The parties have a residence located at 100090 Azalea Grove Drive, Manassas, Virginia where they both resided until January 15, 2011, the Plaintiff relocated to Guam to start Galaide Professional Services, Inc., and the Defendant continued to reside at the marital residence of the parties in Virginia.

4. Plaintiff retired from the United States Air Force in 1992, after 22 years of service. Plaintiff's Declaration (Jan. 31, 2013).

5. The Defendant was employed by CRGT as a Human Resources Administrator earning approximately $70,000 per year.

6. On or about November 2, 2012, the Defendant YOKO ANDERSON DUMANAL quit her job and relocated to Guam to be with her husband.

7. On December 21, 2012, Plaintiff filed the Complaint for Divorce in this matter. Complaint for Divorce (Dec. 21, 2012).

8. On January 8, 2013, Defendant filed an Answer to Divorce Complaint and Counter-claim for Divorce. Def.'s Answer (Jan 8, 2013).

9. On January 8, 2013, Defendant filed an Ex Parte Motion for Temporary Spousal Support and Maintenance.

10. The Court denied Defendant's Ex Parte Motion citing that Defendant did not demonstrate good cause to entertain this matter on an expedited Ex Parte basis. Order (Jan. 10, 2013).

11. On January 31, 2013, Plaintiff filed an opposition to Defendant's Motion for Temporary Spousal Support. Plaintiff argued that Defendant has not shown that any support is needed and necessary, nor has she detailed her income and expenses.

12. Plaintiff's combined monthly income amounts to $2,767.51 and his monthly living expenses averages $2,698.00. Plaintiff's Declaration (Jan 31, 2013).

13. The Defendant is currently unemployed, and residing in Yigo with her sister-in-law, rent free, and her monthly expenses amounts to $1,609.

14. The Defendant anticipates depleting her savings by March 1, 2013.

15. The Defendant contends that Plaintiff's fixed monthly expenses amounts to $4,145.

## CONCLUSIONS OF LAW

Pursuant to Title 19 GCA § 8402, a "court may, *in its discretion,* require the husband or wife, as the case may be, to pay as alimony any money *necessary* to enable the wife, or husband to....prosecute or defend the action." *Cruz v. Cruz,* 2005 Guam 3 ¶ 9. Guam law expressly provides:

> During the pendency of any such action the court *may, in its discretion,* require the husband or wife, as the case may be, to pay as alimony any money necessary for the prosecution of the action and for support and maintenance, and execution may issue therefor in the discretion of the court. The court, in granting the husband or wife permanent support and maintenance of himself or herself, or of himself and children or herself and children, in any such action, shall make the same disposition of the community property and of the homestead, if any, as would have been made if the marriage had been dissolved by the decree of a court of competent jurisdiction. The final judgment in such action may be enforced by the court by such order or orders as in its discretion it may from time to time deem necessary, and such order or orders may be varied, altered, or revoked at the discretion of the court.

19 GCA § 8402 (in relevant part) (emphasis added).

With the case at bar, Defendant requests $1,609 for her monthly expenses and an additional $1,500 to maintain the Defendant and cover her basic necessities and the costs of

defending against Plaintiff's Complaint for Divorce in this matter. Defendant testified that as of February 26, 2013, she had approximately $2,600 in her bank account. Additionally she has $110,000 in 401(k) and another $9,000 in a government account. "What is 'necessary' rests in the sound discretion of the trial court …. to be exercised in view of the circumstances of the parties, their several necessities, and the pecuniary ability of the husband." *Cruz*, 2005 Guam 3 ¶ 10.

In review of this matter, the Court recognizes that the parties have recently reached an agreement relative to the division of assets and liabilities. Defendant is currently unemployed, however, among other things, Defendant is entitled to Plaintiff's military retirement benefits as provided in law, and this was reflected in their agreement during mediation. While Defendant claims Plaintiff can draw more from his involvement with the Galaide Professional Services Inc., the Court is only provided with information that $1,000 is currently drawn. In light of the information the Court can only GRANT at this time what is reasonable within the financial reach of the parties involved.

## CONCLUSION

Based on the foregoing, at this time, noting the financial condition of both parties, the Court will GRANT Defendant's Motion for Temporary Spousal Support and Maintenance in the amount $1,000 each month, not later than the first day of each month, starting March 1, 2013 as Temporary Spousal Support and Maintenance *Pendante Lite*.

**SO ORDERED** this 30 day of MAY, 2013.

MAY 30 2013

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam